IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:16-cr-161 |
| v. | : | |
| TIMOTHY ANDREW YOUNG | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Defendant Timothy Andrew Young ("Defendant") continues to assert that he does not want to be represented by standby counsel, but rather wants to represent himself at his upcoming trial. After holding another hearing to address Defendant's ability and fitness to proceed *pro se*, the court once again finds that Defendant has effectively waived his right to self-representation. Thus, the court will leave undisturbed its prior order terminating Defendant's self-representation and appointing Attorney Heidi R. Freese to represent him in this matter.

**I.      Background**

A thorough recitation of the unique facts and history of this case was provided in this court's previous July 20, 2017 memorandum opinion terminating Defendant's self-representation. *See United States v. Young*, No. 1:16-CR-161, 2017 WL 3087744, at *1-2 (M.D. Pa. July 20, 2017); (Doc. 56 at 1-4). At that time, the Honorable William W. Caldwell found that Defendant had effectively waived his right to represent himself due to persistent disruptive and obstructionist

conduct. (Doc. 56 at 6-9). Accordingly, standby counsel, Heidi R. Freese, from the Office of the Federal Public Defender, was appointed to represent Defendant. (*Id.* at 9; Doc. 57).

In February 2018, this case was reassigned from Judge Caldwell to the undersigned due to Judge Caldwell's retirement. In light of the impending trial and after receiving notice that Defendant has been refusing to communicate with Attorney Freese about his defense, the court scheduled another hearing to determine whether Defendant could behave in a manner that would allow him to proceed *pro se*.[1] That hearing was held on April 16, 2018. (*See* Doc. 93). For the following reasons, Defendant will not be permitted to represent himself at trial, and Attorney Freese will continue as appointed counsel.

## II. Discussion

Criminal defendants have a constitutional right to decline court-appointed counsel and conduct their own defense. *Faretta v. California*, 422 U.S. 806, 807, 819 (1975). This right, however, is not absolute. *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 161 (2000). A trial judge may terminate self-representation, even over a defendant's objection, when the defendant "deliberately engages in serious and obstructionist misconduct."

---

[1] Defendant has clearly and unequivocally expressed a desire to represent himself since the beginning of this case. (*See* Doc. 56 at 2, 3, 9). That determination, therefore, is not at issue.

*Faretta*, 422 U.S. at 834 n.46 (citing *Illinois v. Allen*, 397 U.S. 337 (1970)); *Thomas v. Carroll*, 581 F.3d 118, 125 (3d Cir. 2009).

Repeated pretrial obstructionist behavior can provide a strong indication of a defendant's likely conduct at trial, and thus constitute grounds for termination of self-representation. *See United States v. Brock*, 159 F.3d 1077, 1079-80 (7th Cir. 1998). In such circumstances, standby counsel may be ordered to represent the defendant. *Faretta*, 422 U.S. at 834 n.46 (citation omitted).

As noted above, another hearing was recently held to determine whether Defendant could behave in a manner that would allow him to represent himself at his upcoming trial. Defendant's past conduct, (*see* Doc. 56 at 1-4), his conduct at the first *Faretta* hearing, (*see id.* at 6-9), and his similar conduct at the most recent hearing convince this court that Defendant continues to waive his right to represent himself at trial.

At the April 16, 2018 hearing,[2] Defendant persisted in obstructionist and disruptive behavior that has been a hallmark of this case since its inception. He repeatedly contended that he was being prosecuted in bad faith, (4/16/18 Hr'g Tr. at 4, 7, 12), and that certain case law proved he was innocent and his constitutional rights were being violated, (*id.* at 3, 5, 10, 12, 13). He interrupted the court on multiple occasions, and refused to answer simple questions—instead responding

---

[2] The court reporter has provided a preliminary transcript of the April 16, 2018 hearing, and citations to this transcript will be abbreviated as "4/16/18 Hr'g Tr."

with irrelevant legal contentions. (*Id.* at 3, 5, 7, 8, 9, 10-11, 12, 13). Defendant was also argumentative, for example, telling the court it was incorrect when it explained to him that the presence of a jury was improper for a suppression or *Faretta* hearing. (*Id.* at 8-9, 10).

Most notably, Defendant unequivocally demonstrated a refusal to accept the court's prior ruling on his suppression motion. Throughout the hearing, he asserted that his arrest and the search of his house were unconstitutional, despite this court's detailed ruling to the contrary, (*see* Docs. 83 & 84). The court explained to Defendant that the suppression-motion ruling was final and the law of the case, and that he could appeal that decision if he were convicted at trial. (4/16/18 Hr'g Tr. at 7, 12-13). Importantly, the court also expressly informed Defendant that he must abide by its ruling, and that he may not raise the search and seizure issues during trial. (*Id.* at 12-13). Defendant refused to accept this instruction, and indicated that he believed his claims should be presented to the jury. (*Id.* at 7-9, 12-13).

In light of the foregoing facts, the court finds there is "a strong indication" that Defendant will continue his obstructionist and disruptive conduct at trial. *Brock*, 159 F.3d at 1080; *United States v. Flewitt*, 874 F.2d 669, 674 (9th Cir. 1989). Defendant's behavior also indicates that he will continue to refuse to comply with the relevant procedural rules and substantive law at trial. *See Faretta*,

422 U.S. at 834 n.46 ("The right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law.").

Accordingly, although Defendant has clearly and unequivocally expressed a desire to proceed *pro se*, he has likewise demonstrated, through pretrial conduct, his conscious decision to waive that right. *Brock*, 159 F.3d at 1080; *see also Faretta*, 422 U.S. at 834 n.46; *Thomas*, 581 F.3d at 125. Therefore, the court will not disturb its previous order, (Doc. 57), terminating Defendant's self-representation and appointing Attorney Freese to represent him. *See Faretta*, 422 U.S. at 834 n.46.[3]

### III. Conclusion

After consideration of all the circumstances, the court finds that Defendant, through his conduct, continues to waive his right to represent himself. Consequently, the court will leave undisturbed its prior order (Doc. 57) terminating Defendant's right to self-representation and appointing Attorney Heidi R. Freese to represent him in this matter. An appropriate order will issue.

 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 19, 2018

---

[3] In light of today's decision, the court urges Defendant to cooperate with Attorney Freese in preparation for the upcoming trial. Although the court cannot compel Defendant to cooperate, there is little doubt that working with Attorney Freese would be in his best interest.