IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-cr-161** |
| **v.** | : | |
| **TIMOTHY ANDREW YOUNG** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Defendant Timothy Andrew Young ("Defendant") was tried and convicted by a jury of being a felon in possession of a firearm. Defendant now moves for post-verdict judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that the Government's evidence at trial was insufficient to prove guilt beyond a reasonable doubt. (Doc. 115). After careful consideration, the court is constrained to agree with Defendant and will grant the instant motion for a judgment of acquittal.

## I.    Background

On June 22, 2016, Defendant was indicted on one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (Doc. 3). One month later, he was arrested—pursuant to a warrant—near his residence in Franklin County, Pennsylvania, (Doc. 8), and ordered detained pending trial, (Doc. 18). Defendant,

who subscribes to the sovereign citizen ideology,[1] has ardently and repeatedly denied guilt of the offense. (*See, e.g.*, Docs. 19, 20, 23, 32, 38, 41). In February 2018, this case was reassigned from the Honorable William W. Caldwell to the undersigned due to Judge Caldwell's retirement.

Defendant proceeded to trial on April 30, 2018, where he was represented by the Federal Public Defender's office.[2] At the conclusion of a one-day trial, the jury returned a verdict of guilty on the § 922(g)(1) charge. (Doc. 113). On May 14, 2018, Defendant filed a counseled motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). (Doc. 115). The motion is fully briefed and ripe for disposition.

## II.  Discussion

Federal Rule of Criminal Procedure 29(c) provides, in pertinent part, that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." FED. R. CRIM. P. 29(c)(2). "A defendant challenging the sufficiency of the evidence pursuant to Rule 29 bears a heavy burden." *United States v. John-Baptiste*, 747 F.3d 186, 201 (2014) (citation and internal quotation

---

[1] *See* Charles E. Loeser, *Sovereign Citizens: A Reasoned Response to the Madness*, 93 N.C. L. REV. 1106, 1119-26 (2015) (providing thorough explanation and history of sovereign citizen ideology).

[2] Defendant has an extensive and complicated history in this case regarding his right to represent himself and constructive waiver of that right. (*See generally* Docs. 56, 94). That issue is irrelevant for the instant motion.

marks omitted). When a defendant attacks the sufficiency of the evidence underlying a jury verdict, the court must review the record evidence in a light most favorable to the prosecution and uphold that verdict if "any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013) (quoting *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993)); *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) ([T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (citation omitted)).

To establish a violation of § 922(g)(1), the Government must prove three elements beyond a reasonable doubt: (1) the defendant has a prior felony conviction; (2) the defendant knowingly possessed a firearm; and (3) the possession was in or affecting interstate or foreign commerce. *United States v. Higdon*, 638 F.3d 233, 239-40 (3d Cir. 2011); 18 U.S.C. § 922(g)(1); THIRD CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS § 6.18.922G-1 (2017). Defendant argues that the Government's evidence at trial was insufficient to prove the first of these elements beyond a reasonable doubt. The court is constrained to agree.

At trial, the Government alleged that Defendant had two prior felony convictions, each of which would qualify as the necessary predicate for the instant felon-in-possession offense. The first was a 1999 Pennsylvania state-court

conviction for terroristic threats, 18 PA. CONS. STAT. § 2706(a). (Doc. 135 at 1-3). The second conviction involved a 1999 guilty plea in this court to receiving a firearm while being under felony indictment, 18 U.S.G. § 922(n). (Doc. 135 at 4-5).

To prove the prior-felony-conviction element of § 922(g)(1), the Government proffered certified copies of the two prior conviction records. (*See* Apr. 30, 2018 Trial Tr. [hereinafter "Doc. 126"] at 109-10; Gov't Trial Exhibits 1 & 2). Defense counsel did not object to the admission of the records, and stipulated only that the crimes identified therein carried a maximum sentence of more than one year. (*Id.* at 110). This evidence was the final piece of the Government's case in chief, and it rested immediately after moving both certified records of conviction into evidence. (*Id.*) Notably, the Government took no further action to connect the records of conviction to Defendant.

Upon the Government resting, Defendant promptly moved for judgment of acquittal, arguing that the Government had failed to adduce evidence sufficient for a rational trier of fact to find Defendant guilty beyond a reasonable doubt. (*Id.* at 110-11). Specifically, Defendant cited various circuit and district court cases holding that the submission of a certified record of a prior conviction containing a similar name, without more, is insufficient to establish guilt beyond a reasonable

4

doubt in a felon-in-possession case. (*Id.* at 111-13). The court denied the motion at that time and allowed the case to proceed to the jury. (*Id.* at 113).

Defendant now renews his motion for acquittal. He maintains that the Government failed to present sufficient evidence that would allow a rational juror to find, beyond a reasonable doubt, that Defendant is the "Timothy A. Young" named in the 19-year-old records of conviction. The Government counters that the evidence was sufficient and that Defendant has not met his heavy burden to disturb the jury verdict.

### A.     **Third Circuit Precedent**

There is a paucity of relevant Third Circuit cases, and the few that directly address this issue are decades old. This is not surprising, as defendants often stipulate to or do not contest the prior-felony-conviction element of a § 922(g) offense. *See United States v. Jackson*, 368 F.3d 59, 76 (2d Cir. 2004).

Two Third Circuit cases briefly considered the issue of whether a certified record of conviction bearing the same or similar name as the defendant is sufficient to prove a prior felony conviction: *Hefferman v. United States*, 50 F.2d 554 (3d Cir. 1931), and *United States v. Weiler*, 385 F.2d 63 (3d Cir. 1967). In *Hefferman*, the defendant, Michael Hefferman, was charged with multiple violations of the National Prohibition Act. *Hefferman*, 50 F.2d at 555. The Act prescribed lengthier sentences for subsequent offenses, and thus required that a

5

prior conviction be alleged and proven if the defendant were charged with a subsequent offense implicating a more severe sentence. *Id.* at 556. The court explained that "[t]o be effectually proved, . . . identity of the accused as the same person in each prosecution must be established." *Id.* at 556-57. To meet its burden, the government admitted records of two prior similar convictions. *Id.* at 557. The prior convictions were "in the same court of a man of the very same very unusual name for the same offenses of selling liquor and maintaining a nuisance at the same address . . . in the same city and in the same judicial district." *Id.* The court held that this evidence standing alone was "prima facie identification," and because Hefferman had introduced no contrary evidence, the prima facie evidence of identity was sufficient. *Id.* (citations omitted).

Thirty-six years later, in *Weiler*, the court reached the opposite conclusion under different facts. There, the defendant, Harry Weiler, was charged with a federal crime that likewise required a prior felony conviction to be proven. *Weiler*, 385 F.2d at 65, 66. The government's evidence of the prior conviction consisted primarily of a court record "showing that someone named Harry Weiler" had been convicted of assault and battery in state court in Philadelphia in 1945, some 19 years prior to the offense at issue. *Id.* The government also adduced evidence that Weiler had lived in Philadelphia in 1945 and that he had made a pre-trial statement regarding previously being arrested by Philadelphia police. *Id.* at

6

66. The court had little difficulty concluding that such evidence, even in light of the *Hefferman* decision, was insufficient as a matter of law to prove the prior felony conviction. *Id.* Accordingly, the *Weiler* court overturned the conviction and ordered a new trial. *Id.* at 66, 69.

The Government argues that the instant case is more akin to *Hefferman* than *Weiler*. Not so. Even relying on the certified copy of the 1999 § 922(n) conviction—as this record contains more detail than the 1999 Pennsylvania terroristic threats record and is more similar to the instant offense—the court finds this case quite distinguishable from *Hefferman*. Unlike in *Hefferman*, Defendant's name is not "very unusual"; of the prior offenses, one is completely distinct (terroristic threats) and the other is only comparable, not identical, to the instant charge; and the addresses, cities, and counties in the prior records of conviction are different. The only real similarity is the name, and even that is not identical: "Timothy A. Young" in the 1999 conviction records and "Timothy Andrew Young" in the instant case. Moreover, in *Weiler*, the government supplied additional evidence in an (unsuccessful) attempt to link the defendant to the prior conviction; here no such additional evidence was provided to the jury.

The court notes that the 1999 § 922(n) conviction record contains a date of birth, social security number, and United States Marshal number. (*See* Doc. 135 at 4). None of these identifying details, however, was connected to Defendant at

7

his trial. Consequently, the jury had only the similar name from 19-year-old conviction records on which to rely to find the prior-felony-conviction element proven beyond a reasonable doubt. In line with *Weiler*, the court holds that such evidence, without more, is insufficient to establish the prior-felony-conviction element of § 922(g)(1) beyond a reasonable doubt.

### B. Sister Circuit Cases

This decision is bolstered by the overwhelming majority of persuasive authority from outside this circuit. In particular, several recent cases from the Seventh and Second Circuit Courts of Appeals provide direct support for this court's holding.

In *United States v. Allen*, 383 F.3d 644 (7th Cir. 2004), the defendant, David L. Allen, was charged with violating § 922(g)(1), and at a bench trial the government introduced a certified record of a 1995 narcotics conviction that contained Allen's name but no other identifying information. *Allen*, 383 F.3d at 645-46. The government also attempted to prove the prior felony conviction through evidence of an arrest report from four years after the 1995 conviction that included a thumbprint from the defendant and a "unique" booking number matching the prior conviction. *Id.* at 646.

Even with the additional evidence from the subsequent arrest, the Seventh Circuit overturned the § 922(g) conviction for insufficient evidence of a

8

prior felony conviction. *Id.* at 649. The court specifically noted that "[t]he Second, Third, and Tenth Circuits have held that a conviction record containing the defendant's name as the sole source of identification is insufficient to meet the government's burden of proof due to the prevalence of common or identical names." *Id.* at 648 (citing, in part, *Weiler*, 385 F.2d at 66). The court reasoned, "[i]dentity of name alone does not prove the identity of a person beyond a reasonable doubt. A conviction record bearing the defendant's name but no other identifying information is insufficient to identify the conviction as the defendant's for purposes of proving felon status." *Id.* at 649.

*United States v. Jackson*, 368 F.3d 59 (2d Cir. 2004), provides additional compelling support. Like *Allen* and the instant case, the defendant—Aaron L. Jackson—was charged with violating § 922(g)(1). *Jackson*, 368 F.3d at 61-62. To prove Jackson's prior felony conviction, the government exclusively relied on a certified copy of a state-court judgment showing an 18-year-old felony conviction for a person named "Aaron Jackson." *Id.* at 62. Jackson argued that such evidence was insufficient as a matter of law to prove the prior-felony-conviction element of the 922(g)(1) charge. *Id.*

After an extensive and comprehensive review of federal and state jurisprudence addressing the issue, the court of appeals overturned the conviction. *Id.* at 69-73, 77. As the court explained, the government had proffered no evidence

9

beyond the similar name—such as fingerprints, age, physical characteristics, address, etc.—to connect the person named in the prior conviction record with Jackson. *Id.* at 64-65. The court concluded, "In short, on this evidence, a jury could not reasonably conclude *beyond a reasonable doubt* that the two Aaron Jacksons were the same." *Id.* at 65.

The Second Circuit also rebuffed the government's argument that if a prior conviction is an essential element of the offense charged, a certified record of conviction of a similarly named person would satisfy the government's burden of proof "if the defendant offers no evidence in rebuttal." *Id.* at 65 (emphasis removed). Such a rule, the court held, would contravene the "fundamental constitutional principles found by the Supreme Court to be embodied in the Due Process Clause of the Fifth Amendment—the presumption of innocence, and the related requirement of proof beyond a reasonable doubt to sustain a criminal conviction." *Id.*

This court finds the thorough and well-reasoned opinions from the Seventh and Second Circuits persuasive. As the *Jackson* court explained, the Government here could have easily connected the prior felony convictions to Defendant by presenting additional evidence, such as matching the age, date of birth, or social security number of the person named in the prior conviction records to those of Defendant. *Id.* at 69. This the Government did not do.

10

The court is privy to documents outside the trial record demonstrating that Defendant has the same date of birth and social security number as the "Timothy A. Young" convicted of the § 922(n) offense in 1999. (*Compare* Doc. 5 *with* Doc. 135). Because none of this evidence was presented to the jury, the court is now in the unpleasant position of being required to set aside the jury verdict and enter an acquittal notwithstanding the court's knowledge that Defendant is guilty. *Jackson*, 368 F.3d at 77. Such "is the consequence of being governed by the rule of law." *Id.*[3]

### III. Conclusion

Even when viewed in a light most favorable to the prosecution, the evidence presented at Defendant's trial was insufficient to establish the essential elements of the crime charged beyond a reasonable doubt. Consequently, the court must grant Defendant's motion (Doc. 115) for a judgment of acquittal. An appropriate order will issue.

 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 29, 2018

---

[3] Unlike when *Weiler* was decided, the law is now clear that the Double Jeopardy Clause bars a new trial when the evidence at the initial trial is insufficient to sustain a guilty verdict and thus requires an acquittal. "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Burks v. United States*, 437 U.S. 1, 11 (1978); *see also McMullen v. Tennis*, 562 F.3d 231, 237 (3d Cir. 2009).

11